# EXHIBIT
# 4

| | |
|---|---|
| BOTANI-LABS, LLC | ) |
| | ) |
| Claimant, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 26637 |
| IPF SOURCING, LLC | ) |
| | ) |
| Respondent. | ) |
| | ) |

## RESPONDENT IPF SOURCING, LLC'S MOTION TO CORRECT FINAL ORDER AND AWARD

Pursuant to JAMS Rule 24(j), Respondent IPF Sourcing, LLC ("IPF"), hereby moves that certain typographical errors in the Final Order and Award be corrected. The Final Order and Award awarded IPF $1,000,000.00 in exemplary damages. However, in certain sections of the Final Order and Award, there are typographical errors in which the $1,000,000.00 in exemplary damages is referenced as "$1,000.000.00" (¶ 58) and "$1,000.000" (¶ 59.B). IPF requests these typographical errors be corrected to "$1,000,000.00" to avoid any confusion as to the actual amount of the exemplary damages awarded in this arbitration.

Dated: November 18, 2021

DAVID, BRODY & DONDERSHINE, LLP

John A. Bonello
2100 Reston Parkway
Suite 370
Reston, VA 20191
Phone: 703-264-2220
Fax: 703-264-2226

jbonello@dbd-law.com

Attorney for Respondent IPF Sourcing, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 18th day of November 2021, that a copy of the foregoing

document was sent by email to:

Rico Garcia
rico.garcia@botani-labs.com
arbitration@botani-labs.com

_____
John Bonello

## Claimant's Motion under JAMS Rule 24(j)

Rule provides the parties with seven (7) calendar days after service of the Final Order to request that the Arbitrator correct "any computational, typographical or other similar error in an Award (including the reallocation of fees pursuant to Rule 31(c) or on account of the effect of an offer to allow judgment)."

Claimant has grounds to challenge the computational award on the basis that the hearing was held with several outstanding motions not yet properly ruled upon. Including a motion to disqualify the Arbiter filed the day of the hearing. That motion was intercepted by Mr. Gordon yet was filed to the arbiter alone and not Mr. Gordon. Jam's staff which includes Haglund have repeatedly violated Claimant's rights to competent counsel and due process. As well as Mr. Garcia's civil rights.

Claimant asserts that the Order is intentionally vague as part of a pattern of judicial misconduct and retaliation by Haglund against Claimant and Garcia specifically. The order appears to award IF $2,493,750 twice as compensatory damages (first, under para. 44 for breach of contract, and second, under para. 45 for conversion). While different interest rates attend each award, as written, the award appears to provide IPF double re-imbursement for their partial deposit.

Enforcement of such an Order, is in fact excessively punitive – $1,000,000 exemplary damage award. Particularly when viewed alongside the biased comments of Haglund. As well as the fact that Jam/s staffs took numerous unethical actions to shield Haglund from being disqualified. Most importantly the hearing was held with outstanding motions including several to disqualify the same day of that hearing. Which violates the not only the rules but Claimant's rights to competent counsel, due process and an impartial arbiter.

Haglund should be advised that a civil rights investigation has been initiated as a result of these numerous unethical acts. A challenge to any such unlawful order will be filed if Haglund continues on with his blatantly biased award which is designed to cause maximum harm and has no basis in fact. Haglund does not have arbiter immunity for violations of federal law. Which includes Haglund's collusion to cover up the financial crimes committed by Bonello via two forged subpoenas sent to financial institutions for parties not under the jurisdiction of Haglund or a party to the other case IPF is in.

The supposed "evidence" Haglund claims in a order shows Bonello did not commit a crime, was in fact an unsigned draft motion with dates that did not correspond to the bank letters submitted on the record in

Claimant's motion for sanctions. Haglund intentionally created an highly dubious standard that claimant had to amend it's motions because Claimant "does not speak coherent English". But no such standard exits under the law. Nor would any amount of illiteracy negate the requirement for those motions to have been ruled upon prior to the hearing. Claimant asserts Haglund's self-serving requirement to amend those motions is in direct conflict with established case law set by SCOTUS. Where contrary to Haglund's unethical excuses not only was it Haglund's "job to interpret" the meaning intent of these motions. But Haglund had wide discretion to interpret the intent of these motions filed by a non-attorney representative as Haglund put it.

Haglund's ruling at an unlawful hearing while multiple motions where yet to be ruled upon including numerous motions to disqualify voids the award. Haglund's un-impartial misconduct also creates legal exposure for both Haglund and Haglund's employer Jams. Any motion to disqualify must be ruled upon and such a motion was filed to the arbiter alone the day of trial. Neither Gordon, Jams or Haglund have any legal authority to modify the federal rules of arbitration. Gordon cannot intercept the motion to shield Haglund. No matter what the basis of the response may have been it was the arbiter alone who was to respond to that motion and not Gordon.

As such, claimant's motion demands Haglund rescind the award as it was not a valid hearing and is intentionally abusive in nature. Especially since proper grounds for the disqualification of the arbiter had been established. Claimant has a right to an impartial Arbiter and Haglund is anything but impartial. As demonstrated by Haglund's highly inappropriate comments meant to degrade, harass and intimidate Garcia, Haglund's refusal to properly rule on a motion for sanctions, Haglund's refusal to compel discovery of the respondent denying claimant proper discovery, Haglund's refusal to release claimant's prior counsel to intentionally limit claimant's time to properly prepare a defense, Haglund's extortion of claimant's prior counsel by refusing to grant a withdrawal until Faragalla signed a fraudulent letter claiming he had no knowledge of drafting, signing a motion to disqualify when in fact it's easily proven he did, Haglund's refusal to give claimant access and benefit to competent counsel in a hearing with millions of dollars on the line via a series of outright lies about Garcia entering an appearance and claiming he was counsel for the claimant, and most importantly holding a hearing with outstanding motions including a motion to disqualify which were never properly ruled on.

At a minimum Haglund should clearly defined what the award is. Any attempt by Jams or it's not independent, un-impartial employee Haglund to ignore this motion and or the motion to disqualify will result in the amending of the civil rights complaint against JAM's and ultimately Jams defending itself in

court. We also intend to file a federal civil rights complaint against Haglund for his numerous and unethical acts of misconduct and pattern of abusive targeting claimant and Garcia.

Best Regards,
Botani-Labs
Managing member Rico Garcia